Ronald Wilcox, CA Bar No. 176601
Attorney at Law
2160 The Alameda
First Floor, Suite F
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486

Attorney for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| JEANNIE PANAHIASL and SANDY PIERSON, on behalf of themselves and members of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>CreditCare, Inc., d.b.a CREDITC.A.R.E., Inc. and MIKE GURNEY, a/k/a TOM WRIGHT,<br><br>Defendants. | **FIRST AMENDED COMPLAINT**<br><br>**No.** C04-04479 JF<br><br>**JURY TRIAL DEMANDED** |

## I. PRELIMINARY STATEMENT

1. Plaintiffs JEANNIE PANAHIASL and SANDY PIERSON, on behalf of themselves and members of the general public, brings this action against CreditCare, Inc., d.b.a CreditC.A.R.E., Inc., and Mike Gurney

1

a/k/a Tom Wright for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* (hereinafter "FDCPA"), which prohibits false, deceptive or misleading statements in an attempt to collect a debt, and prohibits debt collectors from abusing or harassing anyone in an attempt to collect a debt.  Plaintiffs also seek injunctive relief under the California Unfair Business Practices Act, Cal. Bus. & Prof. §§17200-17205 ("CUBPA") which prohibits conduct that is unfair, unlawful and fraudulent, and the California Civil Code §1788 (hereinafter "CA FDCPA") which regulates collection agencies and original creditors attempting to collect debts on their own behalf.  Equitable relief, statutory and actual damages are sought.

## II. **JURISDICTION**

2.  This Court has jurisdiction pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692k(d).  This Court has jurisdiction of the state law claims pursuant to its supplemental jurisdiction, 28 U.S.C. §1367.  Declaratory relief is sought pursuant to 28 U.S.C. §§2201 and 2202.  Venue lies in the United States District court for the Northern

2

District of California as Plaintiffs' claims arose from acts of the Defendants perpetrated therein.

### III. PARTIES

3. Plaintiff JEANNIE PANAHIASL is a natural person who resides in Santa Clara County, California and is a "consumer" as defined at 15 U.S.C. §1692a(3) and a "debtor" as defined by Civil Code 1788.2.

4. Plaintiff SANDY PIERSON is a natural person who resides in Santa Cruz County California, and is an aggrieved person under 15 U.S.C. 1692k.

5. Defendant CreditCare, Inc., d.b.a CreditC.A.R.E., Inc. is a private corporation with its principal place of business located at 17760 Monterey Road #E, Morgan Hill, California. CreditC.A.R.E., Inc. regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. CreditC.A.R.E., Inc. is a "debt collector" as defined by 15 U.S.C. §1692a(6) and Civil Code §1788.2.

6. Defendant Mike Gurney is the president of defendant CreditC.A.R.E., Inc. and is located at 17760 Monterey Road #E, Morgan Hill, California. Mr. Gurney regularly collects or attempts to collect,

directly or indirectly, debts owed or due or asserted to be owed or due another. Mr. Gurney is a "debt collector" as defined by 15 U.S.C. §1692a(6) and Civil Code §1788.2. Mr. Gurney regularly uses the alias Tom Wright.

## IV.  FACTUAL ALLEGATIONS

7. On information and belief David Hughes, DDS, contracted with defendant CreditC.A.R.E., Inc. in an attempt to collect a consumer debt(s) from debtors such as Ms. Panahiasl.

8. On or about September 1, 2004, Ms. Panahiasl was sent a collection letter by Defendants. Attached hereto as Exhibit A.

9. Exhibits A was sent by Defendants to Panahiasl in an effort to collect a debt incurred for personal, family, or household purposes.

10. Exhibit A was addressed to:

    JEANNIE PANAHIASL
    C/O DR BARNES
    2500 HOSPITAL DR BLDG 2
    MOUNTAINVIEW CA 94040

11. Since the letter was addressed "C/O DR BARNES" it was opened by the staff of DR Barnes. Thus, Ms. Panahiasl's debt was revealed to a third party in violation of 15 U.S.C. 1692c.

12. Exhibit A states a Principal of $2,378.00.

4

13. <u>Exhibit A</u> states an interest charge of $178.24.

14. <u>Exhibit A</u> states a balance of $2,556.24.

15. <u>Exhibit A</u> states in part:

PLEASE MAKE FURTHER COLLECTION ACTION UNNECESSARY BY SENDING PAYMENT IN FULL TO OUR OFFICE TODAY.
    and

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. AS REQUIRED BY LAW, YOU ARE HEREBY NOTIFIED THAT A NEGATIVE CREDIT REPORT REFLECTING ON OUR CREDIT RECORD MAY BE SUBMITTED TO CREDIT REPORTING AGENCIES.

16. <u>Exhibit A</u> concludes by providing a notice of the consumer's ability to dispute and seek verification of a debt within 30-days.

17. Ms. Panahiasl contends the statements in the letter are false, deceptive and misleading in violation of 15 U.S.C. 1692e, and contradict the 30-day validation notice required by 15 U.S.C. 1692g.

18. At or about the same time Ms. Panahiasl received the first letter from Defendants she began receiving repeated phone calls from Defendants to her place of employment.

19. Ms. Panahiasl asked Defendants to stop calling her at her place of employment, but the calls continued in violation of 15 U.S.C. 1692c.

20. Defendants called Ms. Panahiasl's place of employment several times per day during the month of September 2004. Since Defendants were aware these calls were inconvenient each call violated 15 U.S.C. 1692c and 1692d.

21. In these calls Defendants were abusive, harassing an oppressive, leading Ms. Panahiasl to become upset, nervous and cry. On at least ten occasions, shortly after Defendants' abusive phone calls, Ms. Panahiasl cried, either at the office or driving home from work.

22. Defendants yelled and screamed, calling Ms. Panahiasl a moron and an idiot, and threatened to immediately attach Ms. Panhiasl's wages. Defendants calls caused embarrassment, humiliation, and fear as Ms. Panahiasl was concerned she would be fired since the calls disrupted the office.

23. As a result of these repeated abusive calls Ms. Panahiasl has had difficulty eating and sleeping, and has experienced diarrhea after nearly every call.

24. On several occasions Defendants spoke with Ms. Panahiasl's Supervisor, Sandy Pierson.

25. On more than one occasion Defendants were abusive, harassing and argumentative, and asked Sandy if she was a moron (twice) or an idiot (once). Each of these calls violated 15 U.S.C.1692c and 1692d and Civil Code 1788.11 and 1788.12.

26. During the call in which Defendants asked Ms. Pierson if she was an idiot, Defendants made repeated demands to be allowed to talk to Ms. Panahiasl's employer, Dr. Barnes. However, Defendants refused to identify the company they worked for, they only provided their personal names and phone number. Defendants actions violated 15 U.S.C. 1692b, 1692c, 1692d, and Civil Code 1788.12 and 1788.13.

27. Ms. Pierson was forced to terminate the call, but Defendants called back at least 6 more times demanding and yelling in each call.

28. Each time Sandy was forced to hang up. The calls caused considerable disruption in the office; but Defendants continued to call. Sandy was shaky, upset and angry by the repeated and oppressive phone calls.

29. The next day Ms. Pierson called Defendants to explain that the employer (Dr. Barnes), would not return Defendants' call unless

7

Defendants identified the company they were calling from and the purpose of their call.

30. Defendants indicated that by law they were not allowed to give out the name of the company they represented. Defendants false statement violated 15 U.S.C. 1692c and 1692e, and Civil Code 1788.11.

31. Ms. Pierson told Defendants that they were not only harassing Ms. Panahiasl, but were also harassing and humiliating her.

32. On September 23, 2004, Ms. Panahiasl sent Defendants a letter requesting they verify the debt, and that the Defendants cease contacting her or her employer. Exhibit B. As a return address for the certified return receipt Ms. Panhiasl listed, "Jeannie Lopez Panahiasl, c/o 2160 The Alameda, #F, San Jose, CA 95126."

33. The signed certified return receipt indicates Defendants received the letter on September 28, 2004. Exhibit C.

34. Defendants responded with a bill from David Hughes, D.D.S., indicating as of May 27, 2004, the alleged debt was $2,378. Exhibit D.

8

35. Thus, Defendants were attempting to collect $178.24, or approximately 7.5% of the debt as interest. This would equate to approximately 30% per annum.

36. Plaintiff contends Defendants were attempting to collect an amount not authorized by agreement or law, in violation of 15 U.S.C. 1692e. Such act was unconscionable under 15 U.S.C. 1692f.

37. Defendants failed to provide Ms. Panhiasl of her rights under California law in violation of Civil Code 1812.700 and Civil Code 1788.

38. Despite having Ms. Panahiasl's having sent a letter stating: "please stop contacting me or my employer's office," Defendants continued to contact her in violation of 15 U.S.C. 1692c, including a phone call on October 18, 2004, at approximately 12:30 p.m.

39. "TOM WRIGHT" is an alias used by Mike Gurney.

40. Mike Gurney owns and operates CreditC.A.R.E., Inc. He created the letters in the form of Exhibit A, directs the mailing thereof, and has control of the collection attempts of Defendant CreditC.A.R.E., Inc.

9

41. Despite the cease and desist letter, Defendants continued their attempts to collect the debt sending additional collection letters, that contained false, deceptive and misleading statements, and making additional annoying and harassing phone calls.

42. On September 29, 2004, Defendant sent another letter in an attempt to collect the debt.  **Exhibit E**.

43. The letter was addressed to:

   JEANNIE PANAHIASL
   C/O DR. BARNES
   2160 The ALAMEDA #F
   SJ CA 95126


44. The letter, which is self-described as "Exhibit "A"", demanded:

MAY WE HAVE YOUR ATTENTION?
YOU HAVE NOT MADE SATISFACTORY ARRANGEMENTS TO PAY YOUR BILL; NOR HAVE YOU ADVISED US OF ANY VALID DISPUTE. ALTHOUGH WE HAVE NOT MADE A FINAL DECISION REGARDING LITIGATION, WE HAVE ASKED OUR LEGAL DEPARTMENT TO REVIEW YOUR CASE.

IF CIRCUMSTANCES DICTATE, A CLAIM MAY BE FILED AND IT MAY RESULT IN A JUDGMENT WHICH WOULD INCLUDE COURT COSTS, INTEREST, AND ATTORNEYS FEES AS ALLOWED BY LAW.  ANY JUDGMENT OBTAINED IS ENFORCABLE AGAINST YOUR EARNINGS AND ALL OF YOUR NON EXEMPT PROPERTY.

YOU HAVE 10 DAYS TO RESPOND TO THIS NOTICE.

PLEASE CONTACT:    TOM

>WRIGHT
>(408) 778-1644
>MANAGER

45. The letter went on to say:

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

46. Ms. Panahiasl contends this letter contains false, deceptive and misleading statements, in an attempt to collect a debt, including a false threat to take certain actions not intended in the time frame threatened.

46. On information and belief Defendants do not initiate legal action to collect debts.

47. Some of the herein allegations are similar to those brought against Defendants in other cases recently filed in Superior Court in Santa Clara County, CA, including,. *Razwick v. Creditcare, Inc.*, CV 802250(2002), *Reid v. Creditcare, Inc.*, 04-CV-016257 (2004), and U.S. District Court, *Wyatt v. Creditcare, Inc.*, 04-03681 RS.

## V. **DEFENDANTS' PRACTICES**

48. In an effort to collect alleged debts which were incurred for

11

consumer purposes, Defendants regularly mailed or caused to be mailed to California residents communications in the form of <u>Exhibit A</u> which seek to collect unauthorized interest in addition to the amount of the alleged debt in violation of the FDCPA, the CUBPA, and the CA FDCPA.

49. In an effort to collect alleged debts which were incurred for consumer purposes, Defendants regularly mailed or caused to be mailed to California residents communications in the form of <u>Exhibit A</u> demanding explanation and documentation of any dispute in violation of the FDCPA and the CUBPA.

50. In an effort to collect alleged debts which were incurred for consumer purposes, Defendants regularly mailed or caused to be mailed to California residents, or their employers, communications in the form of <u>Exhibits A and E</u> revealing the consumers' debt to third parties.

51. Defendants engaged in abusing, harassing an annoying phone calls which had the natural consequence to oppress the listener. These acts were further aggravated by Defendants' intrusion upon Plaintiff's seclusion and unwillingness to cease these violative acts.

52. Defendants send letters that contain false, deceptive and misleading statements, including false threats of imminent suit and credit reporting.

## VI. FIRST CLAIM FOR RELIEF --VIOLATIONS OF FDCPA

53. Plaintiff incorporates the foregoing paragraphs mentioned above.

54. Defendants violated the FDCPA, 15 U.S.C. §§1692 et seq., including but not limited to 1692c, 1692d, 1692e, 1692f and 1692g.

55. By going beyond seeking location information from a third-party, Defendants violated 15 U.S.C. 1692b.

56. By refusing to cease and desist Defendants violated 15 U.S.C. 1692c.

57. By communicating in an oppressive, abusive and harassing manner, with the intent to annoy, oppress and harass in violation of 15 U.S.C. 1692d.

58. Defendants violated the FDCPA by mailing or causing to be mailed letters which demand payment of unauthorized interest in addition to principal, in violation of 15 U.S.C. §§1692e(2)(A), e(5), and f(1).

59. Defendants violated the FDCPA by mailing or causing to be mailed notices which use false, deceptive and misleading statements in an effort to collect a debt, including threatening acts not intended in the time frame threatened, in violation of 15 U.S.C. §1692e, e(5) and e(10).

60. Defendants violated the FDCPA by mailing or causing to be mailed <u>Exhibit A</u> which contradict or overshadow the validation notice by in violation of 15 U.S.C. §1692g, §1692e and e(10).

### VII. <u>SECOND CLAIM RELIEF – VIOLATIONS OF CUBPA</u>

61. Plaintiffs incorporates the foregoing paragraphs.

62. Plaintiffs bring this cause of action as a private attorney general as allowed by Bus. & Prof. Code § 17204, ("CUBPA").

63. CUBPA prohibits business acts and practices that are unlawful, unfair or fraudulent. Bus. & Prof. Code § 17200-17205.

64. Defendants' policy and procedures of sending the collection notices, attached hereto as <u>Exhibits A and E</u>, to Plaintiff and members of the general public outweighs the utility of Defendants' acts and consequently constitutes an unfair act or practice within the meaning of Bus. & Prof. Code § 17200.

57. Defendants' policy and practice of sending the collection notices attached as <u>Exhibits A and E</u> to the Complaint violates the FDCPA as alleged herein and consequently Defendants'

practice constitutes an unlawful business practice within the meaning of Bus. & Prof. Code §17200.

58. Defendants' policy and practice of sending the collection notices attached hereto as <u>Exhibits A and E</u> is likely to mislead the general public and consequently constitutes a fraudulent act or practice within the meaning of Bus. & Prof. Code §17200.

59. Plaintiffs and members of the public are entitled to injunctive relief against Defendants for its unfair, unlawful and fraudulent act or practice as provided by Bus. & Prof. Code §17203.

## VIII. THIRD CLAIM FOR RELIEF – VIOLATIONS OF CA FDCPA

60. Plaintiffs incorporates the foregoing paragraphs.

61. Defendants violated California Civil Code §1788, including but not limited to 1788.11-1788.13, and 1788.17 by failing to comply with 15 U.S.C. §§1692 as set forth in the First Claim for Relief.

## IX. FOURTH CLAIM FOR RELIEF – CIIVL CODE 1812.700

62. Plaintiffs incorporates the foregoing paragraphs.

63. Defendants violated California Civil Code 1812.700 and thus Civil Code 1788 by failing to provide proper notice.

## X. FIFTH CLAIM FOR RELIEF – TORTS

15

64. Defendants engaged in extreme, outrageous and unreasonable acts with respect to Plaintiffs with a willful intent to injure them. These acts went beyond the bounds of decency expected in a civilized society. Defendants violated Plaintiffs' reasonable expectations of privacy at their place of employment. The repeated acts constituted an invasion of privacy and intrusion upon seclusion.

65. As indicated above, Defendants violated the FDCPA. Thus, Defendants' violated a statutory duty that gives rise to a tort (tort-in-se).

66. Defendants' violation of a statutory duty led to Plaintiffs being injured.

67. A violation of a statutory duty to another may be a tort, and a violation of a statute embodying a public policy is generally actionable even though no specific civil remedy is provided in the statute itself.

68. Defendants intended to cause Plaintiffs to suffer emotional distress, and/or negligently engaged in outrageous conduct with reckless disregard of the probability of negligently causing Plaintiffs to suffer emotional distress.

69. As a direct and proximate result of Defendants' outrageous conduct, Plaintiffs suffered emotional distress, mental suffering, and/or mental anguish, including grief, anxiety, worry, loss of sleep and

16

concentration, humiliation, embarrassment and/or indignity.

70. Plaintiffs are entitled to actual damages for their emotional distress proximately caused by Defendants egregious and oppressive behavior.

**WHEREFORE**, Plaintiffs request that the Court grant the following relief in her favor and on behalf of the class and against defendants CreditC.A.R.E., Inc. and Mike Gurney a/k/a Tom Wright:

A. Enjoin defendants from sending notices in the form of <u>Exhibits A and E</u> to California residents or their employers;

B. Declaratory and injunctive relief holding that defendants' <u>Exhibits A and E</u> violate the state and federal Fair Debt Collection Practices Acts and the California Unfair Business Practices Act;

C. Actual damages pursuant to 15 U.S.C. §1692k and Civil Code 1788.32, and common law tort claims (intrusion upon seclusion and tort-in-se);

D. The maximum amount of statutory damages provided pursuant to 15 U.S.C. §1692k and Cal. Civ. Code §1788.

E. Attorneys' fees, litigation expenses, and costs.

F. Such other and further relief as is appropriate.

Dated: <u>1/27/05</u>                                    /s/Ronald Wilcox

Ronald Wilcox
2160 The Alameda
First Floor, Suite F
San Jose, CA 95126
(408) 296-0400
(408) 296-0486 (FAX)

## XI.  <u>JURY DEMAND</u>

Plaintiffs hereby demands that this case be tried by Jury.


Dated: 1/27/05                                          <u>/s/Ronald Wilcox</u>
                                                        Ronald Wilcox
                                                        2160 The Alameda
                                                        First Floor, Suite F
                                                        San Jose, CA 95126
                                                        (408) 296-0400
                                                        (408) 296-0486 (FAX)

                                                        Attorney for Plaintiffs